# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

**SDT INDUSTRIES, INC.**

**VERSUS**                                          **MISCELLANEOUS**
                                                    **ACTION NO.**_____

**PENNINGTON SEED INC.,**
**PENNINGTON SEED INC. OF**
**NEBRASKA, and CENTRAL**
**GARDEN AND PET COMPANY**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO QUASH SUBPOENAS DUCES TECUM
## ISSUED BY PENNINGTON SEED INC., PENNINGTON SEED INC. OF NEBRASKA, and CENTRAL GARDEN AND PET COMPANY

       **NOW INTO COURT**, through undersigned counsel, **SDT INDUSTRIES, INC.** (hereinafter

referred to as "SDT"), who moves this Honorable Court to quash the subpoena duces tecum issued

by the **PENNINGTON SEED INC., PENNINGTON SEED INC. OF NEBRASKA, and**

**CENTRAL GARDEN AND PET COMPANY** ("Pennington") to be produced on or before April

2, 2010, a copy of which is attached hereto as **Exhibit A**.

I.

       SDT has been served with a subpoena in the case entitled *OMS Investments, Inc. And The*

*Scotts Co., LLC v. Pennington Seed, Inc. Of Nebraska and Central Garden and Pet Company*, Civil

Action No. 2:09-cv-470, which is pending in the United States District Court for the Southern

District of Ohio (hereinafter "Underlying Litigation").

II.

Jurisdiction is proper in this court pursuant to Fed. R. Civ. P. 45(c)(3) which provides that "[o]n timely motion, the **issuing** court must quash or modify a subpoena . . . ."  Fed. R. Civ. P. 45(c)(3).  (Emphasis added).

III.

SDT **is not** a party in the Underlying Litigation in which SDT's documents are requested.

IV.

SDT has moved this Honorable Court to quash the subpoenas issued by the Pennington Seed Inc., Pennington Seed Inc. of Nebraska and Central Garden & Pet Company as this subpoena has been issued in violation of Federal Rule of Civil Procedure 45, which protects the disclosure of trade secrets or other confidential research, development, or commercial information when that information is requested pursuant to a subpoena.

V.

Rule 45(c) of the Federal Rules of Civil Procedure provides in pertinent part:

**(c) Protecting a Person Subject to a Subpoena.**

> **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

> **(2)** *Command to Produce Materials or Permit Inspection.*

> > **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production

Page 2

or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;

        **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

Federal Rules of Civil Procedure Rule 45

VI.

Moreover, all of the persons involved in this litigation are competitors to SDT.

VII.

Based upon a review of the docket in the Underlying Litigation, the plaintiffs seek, among other things, injunctive relief to stop the defendants' infringement of its "distinctive and famous trade dress and trademarks."  Complaint, Docket Entry No. 2, **Exhibit B**.  Specifically, plaintiffs

allege that "both the GRO Marks and the MIRACLE-GRO Trade Dress have acquired secondary meaning in that the public has come to recognize [plaintiff] as the exclusive source of the goods and services bearing those marks."  In its defense, the defendants urge that, "the term 'GRO' and the mark component 'GRO' are either generic, or are merely descriptive and lack secondary meaning, and are unprotectable as trademarks."  Answer to Complaint, Docket Entry No. 29.  **Exhibit C**. Defendants further allege that "the term 'GRO' is in common usage by numerous third parties." Answer to Complaint, Docket Entry No. 29.  **Exhibit C**.

VIII.

Presumably, in an effort to prove that "the term 'GRO' is in common usage by numerous third parties"and that it is "generic" and/or "lacks secondary meaning," the defendants have served SDT with a subpoena demanding numerous proprietary, confidential business documents.  **Exhibit A**.  On the face of the subpoena, however, there is not one sentence that purports to notify SDT of the purpose of the broad and burdensome subpoena.  Thus, SDT has been forced to speculate or to inquire as to reasoning behind the requests.

IX.

Pennington has requested from SDT thousands of documents that disclose trade secrets and other confidential research, development, and commercial information that are vital to the business operations of SDT.

X.

Pennington seeks confidential commercial disclosures ranging from SDT's unit volume of sales in the last ten years, to its revenue over the last 10 years to its advertising expenditures over the last ten years.  The full gamut of Pennington requests can be found at page 6 of **Exhibit A**.

XI.

Prior to filing this motion to quash, SDT sought to amicably resolve the dispute as opposed to seeking judicial intervention. **Exhibit D**. SDT offered to provide a detailed summary by date of individual sales made to each customer in each state for each year for the last ten years but would delete the name of the customer. **Exhibit D**. Further, SDT offered to allow any expert to review the records of SDT to confirm the authenticity of the summary provided each expert executes a written confidentiality agreement in which it agrees not to disclose the names of the customers. **Exhibit D**. Because all of the persons involved in this litigation are competitors of SDT, SDT sought to require that "any persons desiring to contest this summary information send experts to the corporate headquarters to review the original corporate records and these parties execute agreement not to disclose the names of the customers."

XII.

Despite SDT's good faith effort to resolve the dispute between SDT and Pennington, Pennington has remained obstinate in the face of resolution. Rather than attempt work towards a mutually agreeable solution to the problem, Pennington has shrugged its shoulders with indifference.

XIII.

Further, federal law clearly provides that SDT is entitled to its attorneys' fees that have been incurred in defending against the subpoena submitted in violation of Federal Rule of Civil Procedure 45(c)(3)(I).

Wherefore, for the reasons stated herein, as well as those more fully stated in the accompanying Memorandum in Support of Motion to Quash, **SDT INDUSTRIES, INC.** prays that its motion to quash the subpoena issued by the **PENNINGTON SEED INC., PENNINGTON**

**SEED INC. OF NEBRASKA, and CENTRAL GARDEN AND PET COMPANY** be granted,

and for all general and equitable relief.


                                Respectfully submitted by:


                                **PREIS GORDON, APLC**


                                s/ Phillip W. Preis
                                Phillip W. Preis (Bar Roll No. 10,706)
                                Charles M. Gordon (Bar Roll No. 23,758)
                                Crystal D. Burkhalter (Bar Roll No. 27,396)
                                Charles M. Thompson (Bar Roll No. 32728)
                                Post Office Box 2786 (70821-2786)
                                450 Laurel Street, Suite 2150(70801-1817)
                                Baton Rouge, Louisiana
                                Phone:  (225) 387-0707
                                Fax:  (225) 344-0510
                                Email: phil@preislaw.com
                                Email: chuck@preislaw.com
                                Email: crystal@preislaw.com
                                Email: matt@preislaw.com
                                **ATTORNEYS FOR
                                SDT INDUSTRIES, INC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2010, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following and will mail a copy of same to each by First Class United States mail, properly

addressed and postage prepaid:

**Kathryn Barry Bartow**
**Susan E Hollander**
Manatt Phelps & Phillips, LLP
1001 Page Mill Road
Building 2
Palo Alto, CA 94304
650-251-1417
650.812.1300
650-213-0260 (fax)
kbartow@manatt.com
shollander@manatt.com

**Shannon S King**
Manatt Phelps & Phillips, LLP
One Embarcadero Center
30th Floor
San Francisco, CA 94111
415-291-7400
415-291-7474 (fax)
ssking@manatt.com

**Margret Caruso**
**Diane M Doolittle**
Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Dr.
Suite 560
Redwood Shores, CA 94065
650-801-5101
650-801-5000
650-801-5100 (fax)
margretcaruso@quinnemanuel.com
dianedoolittle@quinnemanuel.com

**George A Yuhas**
Orrick, Herrington & Sutcliffe LLP Quinn Emanuel
The Orrick Building
405 Howard Street
San Francisco, CA 94105
415-773-5446
415-773-5759 (fax)
gyuhas@orrick.com

**David M Grable**
**Edith Ramirez**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St.
10th Floor
Los Angeles, CA 90017
213-443-3669
213-443-3000
213-443-3100 (fax)
davegrable@quinnemanuel.com
edithramirez@quinnemanuel.com

**Michael A Cicero**
**William M Ragland, Jr.**
Womble Carlyle Sandridge & Rice, PLLC
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017
404-962-7520
404-888-7466
404-870-8170 (fax)
Mcicero@wcsr.com
Wragland@wcsr.com

Page 8

**Bradley Thomas Ferrell**
**John Wolcott Zeiger**
Zeiger Tigges Little & Lindsmith LLP
41 S High Street
Suite 3500
Columbus, OH 43215
614-365-9900
614-365-9900
614-365-7900 (fax)
ferrell@litohio.com
zeiger@litohio.com

**John Patrick Gilligan**
**T. Earl LeVere**
**Katherine G Manghillis**
Schottenstein Zox & Dunn Co., L.P.A.
250 West Street
Columbus, OH 43215
614-462-2700
614-462-1095
614-462-1087
614-462-5135 (fax)
jgilligan@szd.com
elevere@szd.com
kmanghillis@szd.com

_____ s/ Phillip W. Preis _____
PHILLIP W. PREIS
